

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA SHIREY | : | CIVIL ACTION |
| v. | : | |
| JAMES DAVIS, et al. | : | NO. 12-5696 |

MEMORANDUM

Bartle, J.                                                               May 30, 2014

     Plaintiff, Joshua Shirey, formerly an inmate at the State Correctional Institution at Mahonoy, Pennsylvania, has filed this pro se action for damages under 42 U.S.C. § 1983 against five defendants, all employees of the Commonwealth of Pennsylvania, who hold various positions at the Wernersville Community Correction Center ("CCC") in Wernersville, Pennsylvania.[1] Now that discovery has been completed, defendants have filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. We held oral argument on the motion for summary judgment

I.

     Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] The defendants are James Davis, group facilitator for the Violence Prevention Booster Program at the CCC; Lori Lynde, a state parole officer at the CCC; Melissa Nelson, a counselor at the CCC; Kerry Kerschner, a director at the CCC; and Ed Yesc**ENTERED** director at the CCC.

**MAY 30 2014**

**CLERK OF COURT**

genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## II.

The undisputed facts establish that plaintiff had been convicted of retail theft for which he received a prison sentence of one to four years and of reckless endangerment for which he received a concurrent sentence of one to two years. After serving time at the State Correction Institution at Forrest, he was paroled to the CCC where he was required to attend the Violence Prevention Booster Program. The program, which consists of twelve group sessions, is designed to explore the participants' thoughts and feelings which trigger violence and to explore alternatives to violent behavior. Participants, including plaintiff, are advised that failure to follow the rules of the CCC could result in discharge from the program.

On July 26, 2012, plaintiff was discharged from the CCC and arrested for a technical parole violation. He was incarcerated first in the Berks County Prison and then at the State Correctional Institution at Mahonoy. He remained at the

SCI Mahonoy until his maximum prison term expired on February 13, 2013.

### III.

Plaintiff contends that he was discharged from the violence prevention program for exercising his First Amendment rights. In particular plaintiff claims that the adverse actions were taken after he made comments in confidential group sessions that he thought corrections officers who killed inmates should receive the death penalty and that a corrections officer named Torres should be written up for sexual harassment for spying on inmates while they were in the bathroom. Plaintiff also claims he was retaliated against for a complaint he made to defendant Yescavage on July 25, 2012 about his treatment by defendant Nelson when she denied him the opportunity to take college courses while on parole.

Defendants argue that there are no genuine disputes of material fact and that they are entitled to judgment as a matter of law because plaintiff was discharged from the violence prevention program for a legitimate, non-retaliatory reason, namely, that he made threatening comments toward corrections staff which are not protected speech. According to the affidavit of defendant Davis, during a group session on July 20, 2012, plaintiff made comments to the group advocating that corrections officers who issue too many misconducts should be killed. Davis' affidavit also states that during a July 23, 2012 group session

-3-

plaintiff advocated to the group that they file false sexual harassment claims against the staff.

Prison officials may not retaliate against a prisoner for exercising a constitutionally protected right. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001). To make out a prima facie case of retaliation, a plaintiff must come forward with evidence that

> (1) the conduct leading to the alleged retaliation was constitutionally protected; (2) he thereafter suffered some "adverse action" at the hands of the prison officials; and (3) the constitutionally protected conduct was the cause of the adverse action.

Rauser, 241 F.3d at 333-34. As an initial matter, filing grievances qualifies as constitutionally protected conduct. See Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981). However, even assuming that plaintiff has made out a prima facie case, defendant is entitled to summary judgment if the undisputed facts of record establish that the action against plaintiff was taken for a legitimate, non-retaliatory reason. Texas v. Lesage, 528 U.S. 18, 21-22 (1999). As the Supreme Court stated in Bell v. Wolfish, 441 U.S. 520, 547 (1979),

> [p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

-4-

Thus, if there is no showing by the plaintiff of a constitutionally protected activity, or if the government can demonstrate a legitimate, non-retaliatory reason for the adverse action, such as maintaining institutional security, the plaintiff cannot make out a prima facie case of retaliation.

In defendants' brief in support of their motion for summary judgment, their counsel puts great emphasis on the comments allegedly made by plaintiff in the group sessions. She cites the affidavit of defendant Davis who stated that he heard plaintiff make comments advocating that corrections officers be killed and that the inmates file false sexual harassment claims against the officers. Davis also stated that plaintiff was given write-ups for making those comments and eventually discharged from the program as a result of the write-ups. Counsel for defendants further cites to the affidavits of defendants Nelson and Kerschner wherein they stated that plaintiff was discharged from the program because of the comments he made during the group sessions. If this were the only evidence in the record, we agree with defendants that summary judgment should be granted in their favor. That, however, is not the case, as we have only learned from our independent review of the record.

What is very troubling is the decision of defendants' counsel to make no reference to significant contrary deposition testimony of plaintiff in defendants' motion for summary judgment and supporting brief. First, plaintiff stated, under oath, that he simply remarked in group sessions that corrections officers

-5-

who killed inmates should receive the death penalty and that a corrections officer named Torres should be written up for sexual harassment for spying on inmates while they were in the bathroom. Second, plaintiff denied, under oath, encouraging other inmates to kill corrections officers or to file false sexual harassment claims against them.  These sworn statements of plaintiff create genuine disputes of material fact, making summary judgment inappropriate.  It will be up to the fact-finder to decide what occurred.  Defendants' counsel, who ignored this crucial testimony of plaintiff in her papers, was also the counsel who deposed him and thus presumably was personally familiar with what he said at that time.  Counsel's conduct in misleading the court is particularly flagrant where, as here, there is a pro se plaintiff.

       We will deny the motion of defendants for summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA SHIREY | : | CIVIL ACTION |
| v. | : | |
| JAMES DAVIS, et al. | : | NO. 12-5696 |

ORDER

AND NOW, this 30th day of May, 2014, following oral argument in the above-captioned case, and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendants James Davis, Lori Lynde, Melissa Nelson, Kerry Kerschner, and Ed Yescavage for summary judgment (Doc. #24) is DENIED on the ground that genuine disputes of material fact exist.

BY THE COURT:

_____ J.